IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01133-WYD-KLM

ANDRE STEENKAMP, an individual; and
DONNA STEENKAMP, an individual,

  Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation,

  Defendant.

---

### ORDER OF REMAND

---

On May 14, 2010, Defendant filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Defendant asserts therein that the amount in controversy requirement is satisfied.  Further, Defendant asserts that complete diversity exists between the parties.

After carefully reviewing the Notice of Removal and attachments, including the Complaint, I find that this case must be remanded based on Defendant's failure to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, while Defendant states that "a reading of Complaint makes clear the amount in controversy exceeds the $75,000 jurisdictional minimum" (Notice of Removal at 3), I not agree. The Complaint does reference the fact that an agent of Fidelity issued an AUTA Residential Title Insurance Policy in the amount of $235,000 to Plaintiffs and that the policy has allegedly been breached in connection with certain title risks allegedly covered thereunder. However, it is not clear as to what amount of damages is actually sought. In that regard, it states that Plaintiffs seek compensatory damages "in an amount to be proven at trial" for annoyance, inconvenience, delays, and lost sales and/or marketing opportunities for the property at issue, as well as attorney fees and costs. (Compl., Ex. 1 to Notice of Removal, at 6-7.) It is impossible to determine from these general allegations whether the total damages will exceed $75,000 as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

The Notice of Removal also references the civil cover sheet filed in state court contemporaneously with the complaint which represents that a monetary judgment in excess of $100,000 is being sought. Ex. C to Notice of Removal. However, I find that the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional

amount is satisfied.  While some cases from this Court have held to the contrary, the

majority of cases from this Court have held that reliance solely on the civil cover sheet

filed in state court to establish the jurisdictional amount is insufficient, and I incorporate

their reasoning herein.  *See TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, No. 09-cv-

00402-JLK-KMT, 2009 WL 535815, at *1 (D. Colo. 2009) (Judge Kane); *Asbury v.*

*American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1 (D.

Colo. 2009) (Judge Blackburn); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208,

1215 (D. Colo. 2007) (Judge Krieger);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-

01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007) (Judge Miller); *Hardin v.*

*Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State*

*Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3

(D. Colo. 2007).

As Judge Krieger noted in her detailed analysis in *Baker*, the Colorado Civil

Cover Sheet is neither a pleading nor an exhibit and does not constitute reliable

evidence of the amount in controversy.  *Id.*, 557 F. Supp. 2d at 1215.  Further, she

found that the Civil Cover Sheet is too imprecise to make the required demonstration of

the amount in controversy.  *Id.*  I agree with this analysis.

Guided by the strong presumption against removal of civil actions to federal court

based on diversity jurisdiction, I find that Defendant has not established subject matter

jurisdiction over this action and the case must be remanded to the State Court.  *See* 28

U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the

District Court, County of Jefferson, State of Colorado, from which the case was

removed.

Dated:  June 24, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge